## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-1311-SVW-KK | Date | March 25, 2020 |
|---|---|---|---|
| Title | *Hayley Charmaine Tice v. Amazon.com, Inc. et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER GRANTING MOTION TO COMPEL ARBITRATION [43]

Hayley Tice ("Plaintiff") brings this action against Amazon.com, Inc. ("Amazon") and s2z Development Center, Inc. (together "Defendants") under the California Information Privacy Act ("CIPA") Cal. Penal Code §§ 630 *et seq.*, California competition law, and state tort law. Plaintiff also brings her claims as a putative class-action for all persons in California who have been recorded by Amazon's "Alexa" device, a smart home hub and digital assistant, but never agreed to have their conversations recorded. Defendants have moved to compel arbitration and dismiss the complaint. For the reasons provided below, the motion to compel arbitration is GRANTED in part and DENIED in part. The motion to dismiss is DENIED.

## I.    Factual Background

Plaintiff's claims stem from her husband's purchase of an Alexa Echo Dot device. Use of the Alexa requires an agreement to Alexa's Terms of Use ("TOU"), which contain an Arbitration Clause ("Arbitration Clause"). Amazon also requires all of its users to agree to Amazon's general Conditions of Use ("COU"), which also include an arbitration provision. The Alexa TOU's Arbitration Clause incorporate Amazon's COU and arbitration clause. Dkt. 43-1 at 20–21. Plaintiff claims that, although her husband consented to his voice being recorded by agreeing to the Alexa TOU, Plaintiff did not. Although Plaintiff's husband undisputedly agreed to the Arbitration Clause in the Alexa TOU, Plaintiff never did. Plaintiff does not deny that she is an Amazon user, and has therefore agreed to Amazon's general COU, but she claims she never agreed to the terms of the Alexa TOU, which are specific to a customer's use of Alexa. Plaintiff alleges three scenarios wherein Alexa allegedly recorded her

| | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-1311-SVW-KK | Date | March 25, 2020 |
|---|---|---|---|
| Title | *Hayley Charmaine Tice v. Amazon.com, Inc. et al.* | | |

conversations in violation of CIPA § 631, the "wiretapping" provision, and various other California laws.

      1.    Intentional Use

Plaintiff admits that on some occasions, she intentionally uses Alexa to access Amazon services. During those uses, Plaintiff claims Amazon recorded her voice without her consent.

      2.    Background Recording

Plaintiff also alleges that when another person in her household uses Alexa, her private conversations are recorded in the background without her knowledge and consent.

      3.    Surreptitious Recording

Finally, Plaintiff alleges that Alexa sporadically records conversations without prompting and without permission from anyone in the household. Plaintiff claims "Alexa is constantly listening to voices and conversations and sometimes records these conversations even without prompting by a wake word and the persons in the household have no way of knowing that Alexa is recording them." Dkt. 1 at 4. Plaintiff alleges Amazon makes these recordings intentionally to collect data on its customers. Because each of these three factual circumstances presents distinct legal issues, they are analyzed separately below.

## II.    Analysis

### A.    The Arbitration Clause and Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides that written arbitration agreements in contracts "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting 9 U.S.C. § 2). In cases governed by the FAA, the district court may properly consider a challenge to "the contract as a whole, either on a ground that directly affects the entire agreement (e.g., the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006). "The court's role under the FAA is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chartwell Staffing Servs. Inc. v. Atl. Sols. Grp. Inc.*, No.

|  | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-1311-SVW-KK | Date | March 25, 2020 |
|---|---|---|---|
| Title | *Hayley Charmaine Tice v. Amazon.com, Inc. et al.* | | |

819CV00642JLSJDE, 2020 WL 620294, at *2 (C.D. Cal. Jan. 9, 2020) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). It is the burden of the party seeking to compel arbitration, here Defendants, to satisfy these elements. *Ashbey v. Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

As threshold matter, Plaintiff claims that no contract was ever formed between herself and Amazon regarding the Alexa. Even when an agreement would be governed by the FAA, "'state law' . . .is applicable to determine which contracts are binding under § 2 and enforceable under § 3 'if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.'" *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009) (quoting *Perry v. Thomas*, 482 U.S. 483, 493, n. 9 (1987)). California state law determines if a contract was formed. *See Hofer v. Emley*, No. 19-CV-02205-JSC, 2019 WL 4575389, at *5 (N.D. Cal. Sept. 20, 2019) (citing *Arthur Andersen*, 556 U.S. at 630-31). Even if a contract was formed, "[s]tate contract law controls whether parties agreed to arbitrate." *Knutson v. Sirius XM Radio, Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). The party seeking to compel arbitration bears the initial burden of showing an arbitration clause exists. *Hofer*, 2019 WL 4575389, at *4 (citing *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005 (9th Cir. 2010)). Here, Amazon has provided the Alexa TOU and Amazon general COU, both of which appear to contain facially valid arbitration clauses. Finally, state law determines if a nonsignatory can be held to an arbitration agreement under equitable principles. *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1229 (9th Cir. 2013).

### B.    Plaintiff's Intentional Use of Alexa

Under CIPA § 631, parties "who willfully and without the consent of all parties to the communication" record private conversation may be liable for criminal and civil penalties. CIPA § 631. Plaintiff also brings state law claims regarding the storage and usage of her voice after she has intentionally used Alexa. Plaintiff admits that she voluntarily uses Alexa for its intended purpose. Dkt. 1 at 8. Defendants argue that the use of Plaintiff's voice when she has voluntarily engaged Alexa is directly related to the Alexa TOU, which contains the relevant Arbitration Clause. Because Plaintiff receives the direct benefit of the use of Alexa, Defendants argue that she should be equitably estopped from avoiding the Arbitration Clause of the Alexa TOU.

"[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language

|  | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-1311-SVW-KK | Date | March 25, 2020 |
|---|---|---|---|
| Title | *Hayley Charmaine Tice v. Amazon.com, Inc. et al.* | | |

itself or an allegation of waiver, delay, or a like defense to arbitrability." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013) (internal quotation marks omitted). "However, the liberal federal policy favoring arbitration does not apply to the question of 'whether a particular *party* is bound by the arbitration agreement.'" *Hofer*, 2019 WL 4575389, at *1 (quoting *Rajagopalan v. Noteworld, LLC*, 718 F.3d 844, 847 (9th Cir. 2013)). To determine if a nonsignatory party is bound to an arbitration agreement, federal courts sitting in diversity jurisdiction should look to state law. *Id.* at 5.

In California, "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles. Among these principles are 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006). As a nonsignatory individual without any formal agency relationship to either Amazon or her signatory husband, the only principle applicable to Plaintiff is estoppel. "Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009) (internal quotation marks omitted). Under California law:

> "The California cases binding nonsignatories to arbitrate their claims fall into two categories. In some cases, a nonsignatory was required to arbitrate a claim because a benefit was conferred on the nonsignatory as a result of the contract, making the nonsignatory a third party beneficiary of the arbitration agreement. In other cases, the nonsignatory was bound to arbitrate the dispute because a preexisting relationship existed between the nonsignatory and one of the parties to the arbitration agreement, making it equitable to compel the nonsignatory to also be bound to arbitrate his or her claim.

*Cty. of Contra Costa v. Kaiser Found. Health Plan, Inc.*, 54 Cal. Rptr. 2d 628, 631 (1996) ("*Contra Costa*"). There are several preexisting "relationship[s] recognized under the law that create agency, [including] the 'spousal relationship, parent-child relationship and the relationship of a general partner to a limited partnership.'" *Brown*, No. EDCV1600264ABSPX, 2016 WL 9109112, at *3 (quoting *Crowley Mar. Corp. v. Boston Colony Ins. Co.*, 158 Cal. App. 4th 1061, 1069 (2008)).

When such a relationship exists, "[a]ppellate courts have stated that arbitration agreements are enforced with regularity against nonsignatories." *Contra Costa*, 54 Cal. Rptr. 2d at 631. Generally, "a preexisting relationship between the nonsignatory and one of the parties to the arbitration agreement is a common factor in these cases." *Id.* In California, a spousal relationship is the type of preexisting

| | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-1311-SVW-KK | Date | March 25, 2020 |
|---|---|---|---|
| Title | *Hayley Charmaine Tice v. Amazon.com, Inc. et al.* | | |

relationship that can make "it equitable to compel the nonsignatory to also be bound to arbitrate . . . her claim." *Id.*; *see Brown*, 2016 WL 9109112, at *4 ("These are all relationship types that carry significant recognition in our society and require certain steps before creation of the relationship."); *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Prod. Liab. Litig.*, 828 F. Supp. 2d 1150, 1160 (C.D. Cal. 2011) ("a nonsignatory may be bound to an arbitration agreement where (i) there is a close relationship between the entities involved"); *Matthau v. Superior Court*, 60 Cal. Rptr. 3d 93, 98 (2007) ("The 'preexisting relationship'—such as spouses and children in medical malpractice claims—supports the implied authority of the party to bind the nonsignatory.").

Considering Plaintiff's allegations and the relevant caselaw, the Court finds that the preexisting spousal relationship in this case prevents Plaintiff from avoiding the terms of the Alexa TOU. Just as her husband would be bound to arbitrate claims relating to his voluntary use of Alexa, Plaintiff must adhere to the Alexa TOU for claims directly related to her voluntary usage. Plaintiff is therefore equitably estopped from avoiding the Arbitration Clause when she voluntarily utilizes Alexa. Defendants' motion to compel arbitration is therefore GRANTED with regard to Plaintiff's voluntary use of Alexa.

### C.    Background Recording of Plaintiff

Plaintiff also alleges that her private conversations are recorded in the background when other people in her household, such as her husband, voluntarily engage Alexa. Unlike the circumstance where Plaintiff voluntarily engages Alexa, in this circumstance it is not clear that any party has agreed to have their background conversations recorded. Applying the principles of equitable estopped explained above, it seems clear that Plaintiff would be bound to the same terms as her husband. The operative question then is whether this claim is within the scope of the Arbitration Clause.

Plaintiff argues that her claims fall outside the scope of the Arbitration Clause, and the arbitrator should not be allowed to determine scope of the provision. The Supreme Court has held that the FAA "requires courts to enforce [arbitration agreements] according to their terms," *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). An arbitrator's ability to decide their own authority to arbitrate the dispute is a gateway issue, sometimes called "threshold arbitrability." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 524 (2019). The Court should defer to an arbitrator's decision on threshold arbitrability when there is "clear and unmistakable" evidence in the contract that the parties intended to allow the arbitrator to decide arbitrability. *Id.* at 530. As mentioned above, the Alexa Clause incorporates Amazon's COU, which in turn incorporate the rules of the American Association of

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-1311-SVW-KK | Date | March 25, 2020 |
|---|---|---|---|
| Title | *Hayley Charmaine Tice v. Amazon.com, Inc. et al.* | | |

Arbitrators ("AAA"). Dkt. 43-1 at 20–21. The Ninth Circuit has held that "incorporation of the AAA Rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). The Court finds that the Alexa TOU require the arbitrator to determine whether Plaintiff's second claim, the background recording of Plaintiff's conversation when a third-party activates Alexa in her house, is encompassed by the Arbitration Clause. Defendants' motion to compel arbitration is GRANTED regarding background recording during Plaintiff's family's intentional use of Alexa.

### D.    Surreptitious Recording

Finally, incorporating the analysis above, Plaintiff's last claim cannot be equitably compelled into arbitration. Unlike her family actively using Alexa for its intended purpose, neither Plaintiff nor her family ever agreed to unanticipated surreptitious recording of their private conversations. In this factual circumstance, the Alexa device allegedly picks up conversations without any connection to the intended and advertised use of Alexa,  but to be used by Amazon for commercial gain. Accepted as true, this allegation raises a free-standing, potentially criminal, CIPA violation that has no basis in any agreement with Amazon.

Although enforced through civil remedies, Plaintiff's surreptitious recording claim is criminal in nature—far outside the bounds of both the Alexa TOU and Amazon COU.  Through discovery, Plaintiff will need to show that this surreptitious recording actually occurs, but, taken as true, this claim cannot equitably be compelled into arbitration. A contract that allowed Amazon to compel every possible claim, even criminal acts or those completely unrelated to the contract, into arbitration would be unconscionable as a matter of law.[1] *See Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1059 (9th Cir. 2013) ("'Procedural unconscionability focuses on the factors of surprise and oppression'") (quoting *Harper v. Ultimo*, 7 Cal. Rptr. 3d 418, 421–22 (2003)); *In re Toyota*, 828 F. Supp. 2d at 1157–58 ("While procedural unconscionability focuses on the element of 'oppression or surprise due to unequal bargaining power,' substantive unconscionability centers on an 'overly harsh, or one-sided' results.'") (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669 (Cal. 2000)).

---

1The issue of unconscionability is briefly mentioned by both parties in the pleadings but has not been fully briefed before this Court. Plaintiff may argue an unconscionability defense to the arbitrator on the claims which have been compelled to arbitration, but, since she is not bound by the Alexa TOU or Amazon COU as to her last claim, there is no need to argue unconscionability before this Court.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-1311-SVW-KK | Date | March 25, 2020 |
|----------|---------------------|------|----------------|
| Title | *Hayley Charmaine Tice v. Amazon.com, Inc. et al.* | | |

 

As such, Plaintiff's claim that Alexa surreptitiously records her voice without prompting has no basis in any agreement made by her or her husband and cannot be compelled into arbitration. The only question is whether Plaintiff has alleged sufficient facts to plausibly state a claim for relief under California law. Accepting the pleaded facts as true, the Court concludes Plaintiff has plausibly stated a claim. The issue of whether Alexa actually surreptitiously records its users is better determined on summary judgment. The Motion to Dismiss and Compel Arbitration is therefore DENIED with regard to Plaintiff's claim for unprompted surreptitious recording.

## III. Conclusion

In accordance with the Order above, the motion to compel arbitration is GRANTED in part and DENIED in part, and Defendants' motion to dismiss is DENIED. The deadline for Plaintiff to file a motion for class certification remains July 7, 2020 as previously scheduled.

IT IS SO ORDERED

 

|  | : |
|---|---|
| Initials of Preparer | PMC |